UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH CERRONI, JR., <br><br> *Petitioner*, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> *Respondent*. | Criminal Action No. 93-0276 (RDM) |

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Joseph Cerroni, Jr.'s Petition for Writ of *Coram Nobis*. Cerroni pleaded guilty in 1993 to making false statements to the Department of Housing and Urban Development ("HUD") in connection with a loan in violation of 18 U.S.C. § 1010. Dkt. 19 at 2; Dkt. 19-3 at 1. In entering that plea, Cerroni, who was a lawyer at the time he committed the offense, admitted that he had submitted false documents to HUD in connection with several settlements conducted on behalf of clients who were scheming to obtain federally insured mortgages by falsely claiming that the properties securing the mortgages were being used as primary homes. Dkt. 19 at 2; Dkt. 20-1 at 4–5.

In his petition, Cerroni maintains that this Court should vacate his 1993 conviction because his defense counsel failed to "advise him of the Government's requirement to prove scienter as an element of the offense and that lack of criminal intent was a defense." Dkt. 15-1 at 8. According to Cerroni, if he had been "made aware of the requirement of scienter," he would not have pleaded guilty. Dkt. 15-1 at 7. He now asks the Court to grant a writ of *coram nobis* and vacate his 1993 conviction. Dkt. 15-1 at 8. The government opposes the petition. Dkt. 19.

For the reasons explained below, the Court will **DENY** the petition.

## I.

"The writ of *coram nobis* is an ancient common-law remedy designed 'to correct errors of fact.'" *United States v. Denedo*, 556 U.S. 904, 910 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 507 (1954)).  The writ allows petitioners "to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *United States v. Newman*, 805 F.3d 1143, 1146 (D.C. Cir. 2015) (quoting *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013)).  The authority to grant the writ derives from the All Writs Act, "which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" *Denedo*, 556 U.S. at 911 (quoting 28 U.S.C. § 1651(a)).  The writ, however, is only available in "extraordinary" cases where "circumstances compel[ ] such action to achieve justice." *Morgan*, 346 U.S. at 511.  It is a "remedy of last resort," *Fleming v. United States*, 146 F.3d 88, 89–90 (2d Cir. 1998), and the Supreme Court has suggested that "it is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (alteration adopted) (citation omitted).

Although "the precise contours of *coram nobis* have not been 'well-defined,'" *Denedo*, 556 U.S. at 910 (quoting *Bronson v. Schulten*, 104 U.S. 410, 416 (1882)), and the D.C. Circuit's "precedent in this area is thin," *United States v. Bikundi*, No. 14-30-2, 2021 WL 3403936, at *3 (D.D.C. Aug. 4, 2021) (quoting *United States v. Williams*, 630 F. Supp. 2d 28, 32 (D.D.C. 2009)), this Court has limited the writ to circumstances in which: (1) "no other remedy [is] available," *Morgan*, 346 U.S. at 512; (2) "sound reasons exist[ ] for failure to seek appropriate earlier relief," *id.*; (3) the error is "of the most fundamental character," *id.*; and (4) "adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement

2

of Article III," *United States v. Verrusio*, No. 09-64, 2017 WL 1437055, at *9 (D.D.C. Apr. 21, 2017) (citation omitted). *See also United States v. Lee*, 84 F. Supp. 3d 7, 9 (D.D.C. 2015); *Fishman v. Garland*, 2023 WL 2645665, at *2 (D.D.C. Mar. 27, 2023).

## II.

Here, Cerroni satisfies the first of these criteria: He has no other remedy available because he is no longer incarcerated and is thus ineligible to seek habeas relief. *See Newman*, 805 F.3d at 1146. He has not, however, carried his burden on showing—or even alleging—that sound reasons exist for his delay of over thirty years in seeking relief or that he has suffered an error of the most fundamental character. Finally, although Cerroni's petition includes a handful of conclusory allegations relating to the adverse consequences resulting from his felony plea—including the "inability to enjoy hunting," Dkt. 15-1 at 2—his petition fails to allege with sufficient detail that he is currently suffering or will soon suffer any cognizable, adverse consequence. To the contrary, he merely alleges that he "has suffered" these consequences, without specifying whether he suffered them years ago or is on the cusp of suffering some future injury. Dkt. 15-1 at 1–2.

The Court starts with the requirement that the petitioner provide "sound reasons" "for failure to seek appropriate relief earlier." *See Bikundi*, 2021 WL 3403936, at *3. Here, Cerroni waited more than thirty years after his conviction to seek relief. He argues that this three-decade-long delay in seeking relief should be excused because he was not aware of the scienter requirement necessary to sustain a conviction under 18 U.S.C. § 1010 until he reviewed the Supreme Court's recent decision in *Ruan v. United States*, 597 U.S. 450 (2022). *See* Dkt. 15-1 at 2–3. *Ruan*, however, did not alter—or even mention—the scienter requirement under 18 U.S.C. § 1010. *Ruan* concerned a different statute—21 U.S.C. § 1841, which "makes it a federal crime,

3

'*[e]xcept as authorized*[,] . . . for any person knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance,' such as opioids." *Ruan*, 597 U.S. at 454 (alterations in original) (quoting 21 U.S.C. § 841(a)). The question before the Court in *Ruan* was whether the adverb "knowingly" applied to the phrase "except as authorized" in addition to the list of verbs. *Id.* at 454–55. The statute at issue in Cerroni's case contains no similar except-as-authorized provision. It reads: "Whoever, for the purpose of obtaining any loan . . . makes, passes, utters, or publishes any statement, *knowing the same to be false* . . . shall be fined under this title or imprisoned." 18 U.S.C. § 1010 (emphasis added). It strains credulity that Cerroni—who was trained as a lawyer—did not realize that "knowing the same to be false" required knowledge of falsity until he read an opinion interpreting a different statute with different language three decades after he pleaded guilty. In any event, Cerroni has failed to identify a "sound reason" for failing to seek relief years earlier.

Nor is the Court persuaded that Cerroni has shown—or can show—that the alleged error was "of the most fundamental character." *See Bikundi*, 2021 WL 3403936, at *3. In particular, Cerroni contends that he received ineffective assistance of counsel in connection with his decision to plead guilty. To be sure, ineffective assistance of counsel can, at times, provide grounds for granting *coram nobis*. *See, e.g.*, *Newman*, 805 F. 3d at 1145–46; *Chaidez*, 568 U.S. at 345–46; *Bikundi*, 2021 WL 3403936, at *4. But Cerroni has failed to allege facts sufficient to establish that his counsel's ineffectiveness—if there was any—rose to the level of "fundamental" error. Cerroni's claim turns on his attorney's alleged failure to advise him of the governing scienter requirement; he maintains that, if his attorney had advised him of that requirement, he would never have agreed to plead guilty.

4

The record, however, shows that Cerroni was informed about the relevant scienter requirement before entering his plea. At his plea hearing, Cerroni's attorney worked with the presiding judge to amend the language of the charged count to reflect that Cerroni "*knowingly* made and used a false statement and report, *knowing* said statement and report contained a false statement as to a material fact." Dkt. 21 at 29 (emphasis added). The presiding judge read the charges to Cerroni and asked him whether he had "any questions at all" about the charge. *Id*. at 34. Cerroni responded that he did not. *Id.* He cannot now claim that he was unaware of the knowledge requirement and seek to withdraw his guilty plea. *Cf. Hill v. United States*, 368 U.S. 424, 428 (1962) (where a defendant does not allege constitutional or jurisdictional infirmities, he can withdraw a guilty plea on collateral attack only in the case of "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure"). The reason for conducting a detailed plea colloquy is to ensure that the defendant understands the charge and to avoid any uncertainty about the defendant's plea days, months, or years later.

The final requirement is that the petitioner show that he is facing adverse consequences that would be redressed by a decision in his favor. *Bikundi*, 2021 WL 3403936, at *3. This requirement ensures that the *coram nobis* action satisfies the case and controversy requirement of Article III. *See id*. "As the text of the All Writs Act recognizes, a court's power to issue any form of relief . . . is contingent on that court's subject-matter jurisdiction over the case or controversy," *Denedo*, 556 U.S. at 911, including "the restrictions on a court's jurisdiction by Article III of the Constitution," *Verrusio*, 2017 WL 2634638, at *4. Here, Cerroni alleges various disabilities stemming from his conviction, including "limited career advancement," "prohibitions for appointment/election to Bar Committees," "prohibition for service as a

5

substitute judge in the General District Court," "inability to enjoy hunting and other sporting activities," and "impact on [his] professional reputation." Dkt. 15-1 at 1–2. The D.C. Circuit has yet to provide clear guidance on whether disabilities, like these, constitute an actionable adverse consequence for purposes of *coram nobis*, *see Verrusio*, 2017 WL 2634638, at *4, and other circuits have taken inconsistent positions. The Ninth Circuit, for example, takes the view that all criminal convictions carry "consequences for which one may be legally or professionally accountable" and that any petitioner with a criminal conviction can thus satisfy the adverse-consequence requirement. *Hirabayashi v. United States*, 828 F.2d 591, 606–07 (9th Cir. 1987). The Seventh Circuit, in contrast, takes a more "restrictive view of the writ's availability" and requires that a petitioner show specific "lingering civil disabilities" that are causing the petitioner a "present harm" that would be redressed by a grant of the writ. *United States v. Craig*, 907 F.2d 653, 657–59 (7th Cir. 1990).

This case does not offer a proper occasion to step into this dispute. Although Cerroni claims that his thirty-year-old conviction continues to have an "impact on [his] professional reputation" and that it continues to limit his "career advancement" and opportunities for appointment or election to bar committees, Dkt. 15-1 at 1–2, those allegations seem both far-fetched and highly speculative. His allegation that he "has suffered consequences, . . . includ[ing] . . . [an] inability to enjoy hunting," *id.* at 2, however, comes closer to the mark. But even there, he fails to allege that he has any present (or imminent) plan to use a prohibited firearm for purposes of hunting. It is possible that he has such a plan, and it is possible that his conviction stands as a concrete impediment to his ability to do so. That, however, is not what he alleges; he merely alleges that he "has suffered" this consequence of his conviction. Without more detailed allegations, including specific allegations regarding a present plan to use a firearm

6

for purposes of hunting and reason to believe that his conviction will preclude him from doing so, it would be unduly hypothetical for the Court to decide whether the prohibition of possession of a firearm by a convicted felon provides an "adverse consequence" sufficient to establish standing to pursue a writ of *coram nobis*.

## CONCLUSION

For the reasons explained above, the Court will **DENY** Defendant's Motion for *Coram Nobis*.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: November 5, 2024